1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAMIN SARIASLAN,                          No.  2:15-cv-2492-EFB P

12                  Plaintiff,

13        v.                                    ORDER SCREENING COMPLAINT
                                                PURSUANT TO 28 U.S.C. § 1915A
14   RONALD RACKLEY, et al.,

15                  Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.[1]  On February 28, 2017, the U.S. Court of Appeals for the Ninth Circuit affirmed

19   the portion of this court's May 17, 2016 screening order, which dismissed plaintiff's allegations

20   based on breach of contract and the deprivation of property without due process.  The Ninth

21   Circuit, noting that plaintiff had also alleged "that defendant Polasik 'hindered and blocked'

22   [plaintiff] from receiving food that he purchased for a 'religious event without good cause,'"

23   vacated the judgment in part and remanded the action for this court to consider those allegations

24   and to determine whether leave to amend would be appropriate.  ECF No. 18.  The court now

25   screens those allegations pursuant to 28 U.S.C. § 1915A.

26   /////

27        _____
          [1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.
28   § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent.  *See* E.D. Cal. Local
     Rules, Appx. A, at (k)(4).

                                                   1

## I.    Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

## II.     Screening Order

Plaintiff's complaint (ECF No. 1) alleges, in relevant part, that he purchased raisins, honey, and dates for his Ramadan meal, but never received them.  It alleges that defendant Polasik "hindered and blocked plaintiff from receiving his legally purchased items for [a] Religious event without good cause . . . ."  ECF No. 1 at A-2.  But the complaint does not identify any claim for relief based upon a violation of plaintiff's federal constitutional or statutory rights to religious freedom.  Assuming he intended to assert a First Amendment or statutory claim base on alleged restrictions to the exercise of religion, the allegations are not sufficient to state a cognizable claim under the applicable standards for the reasons addressed below.  Accordingly, the complaint will be dismissed with leave to amend for failure to state a claim.

The Free Exercise Clause of the First Amendment provides, "Congress shall make no law . . . prohibiting the free exercise" of religion.  U.S. CONST., amend. I.  Only those beliefs that are sincerely held and religious in nature are entitled to constitutional protection.  *See Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008) (plaintiff must show that the activity is both "sincerely held" and "rooted in religious belief").  An inmate's right to exercise religious practices, "may be curtailed in order to achieve legitimate correctional goals or to maintain prison security." *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam).  Four factors are relevant in determining whether a prison regulation impermissibly infringes on an inmate's constitutional rights: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it"; (2) "whether there are alternative means of exercising the right that remain open to prison inmates"; (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally"; and (4) the "absence of ready alternatives." *Turner v. Safley*, 482 U.S. 78, 89-90 (1987) (internal quotations omitted).  Here, the complaint does not include facts which demonstrate that the Ramadan meal was necessary for a "sincerely held" belief that is "rooted in religious belief." *Shakur*, 514 F.3d at 884-85.  It also fails to show how or why defendant Polasik prevented plaintiff from receiving the alleged religious package.  Thus, /////

the complaint fails to show that Polasik or any other defendant improperly curtailed plaintiff's right to exercise his religion in violation of the First Amendment.

Moreover, under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), "no [state or local] government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution," unless the government shows that the burden furthers "a compelling government interest" by "the least restrictive means." 42 U.S.C. § 2000cc-1(a)(1)-(2). "Religious exercise" includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Id.* § 2000cc-5(7)(A). A "substantial burden" is one that imposes a significantly great restriction or onus on religious exercise. *San Jose Christian College v. City of Morgan Hill*, 360 F.3d 1024, 1034-35 (9th Cir. 2004). Here, the complaint's vague and conclusory allegations are not sufficient to demonstrate any violation of plaintiff's rights pursuant to RLUIPA.

Plaintiff will be granted leave to file an amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

/////

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

**III.  Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk is directed to reopen this case.

2. The complaint is dismissed with leave to amend within 30 days. The complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in dismissal of this action for failure to prosecute and failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated:  October 4, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE