UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIN SARIASLAN,<br><br>    Plaintiff,<br><br>    v.<br><br>RONALD RACKLEY, et al.,<br><br>    Defendants. | No. 2:15-cv-2492-EFB P<br><br>ORDER SCREENING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. After dismissal of the original complaint pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint which must be screened.

Congress mandates that district courts engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The amended complaint alleges that the administration at Folsom State Prison had approved Ramadan participants to purchase specialty religious packages for religious food items, including raisins, honey, and dates, all of which hold special meaning during Ramadan. On May

1

24, 2014, plaintiff ordered raisins, honey, and dates, but never received them.  The Community Services Manager, defendant Polasik, informed plaintiff by memorandum that because of changes in the regulations governing approved personal property, the items ordered by plaintiff were not allowed.  He explained further that the raisins had spoiled during a week-long lockdown, and that plaintiff could donate, dispose of, or send the honey and dates to another location at his expense.  Plaintiff claims that to this day, prisoners at Folsom State Prison are prohibited from ordering a religious package with food in it for the month of Ramadan.

Based on the above allegations, plaintiff claims that defendants Polasik and Warden Rackley violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the Free Exercise Clause of the First Amendment by intentionally denying him religious food for a religious purpose.  ECF No. 25 at 8, 9.  Plaintiff may proceed in this case with his First Amendment claims against defendants Polasik and Rackley.  *See McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987) (prisoners have the right to food which satisfies the dietary laws of their religion).  RLUIPA, however, does not allow for monetary damages against individual defendants.  *Wood v. Yordy*, 753 F.3d 899, 902-04 (9th Cir. 2014).  Therefore, plaintiff's RLUIPA claims for damages must be dismissed without leave to amend.  As for injunctive relief, RLUIPA allows injunctive relief from an official who could appropriately respond to a court order on injunctive relief should one ever be issued.  *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. June 26, 2015); *Ryles v. Felker*, 2008 U.S. Dist. LEXIS 107591, 2008 WL 1901231, at *3 (E.D. Cal. Apr. 28, 2008).  Plaintiff alleges that defendant Polasik is no longer employed at Folsom State Prison.  ECF No. 25 at 2.  Thus, defendant Polasik could not appropriately respond to a court order for injunctive relief and this claim too, must be dismissed without leave to amend.  Plaintiff may therefore proceed in this case with his RLUIPA claim for injunctive relief against defendant Rackley only.

Accordingly, the court ORDERS that

1. The allegations in the pleading are sufficient to state potentially cognizable First Amendment free exercise claims against defendants Polasik and Rackley, and a RLUIPA claim for injunctive relief  against defendant Rackley.

2. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the December 6, 2017 amended complaint, two USM-285 forms and instructions for service of process on defendants Polasik and Rackley. Within 30 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three copies of the endorsed complaint. The court will transmit them to the United States Marshal for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. Defendants will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure.

3. Failure to comply with this order may result in dismissal of this action.

4. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

Further, it is RECOMMENDED that plaintiff's RLUIPA claim for damages against both defendants and his RLUIPA claim for injunctive relief against defendant Polasik be DISMISSED without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 15, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

|   |   |
|---|---|
| RAMIN SARIASLAN,<br><br>        Plaintiff,<br><br>    v.<br><br>RONALD RACKLEY, et al.,<br><br>        Defendants. | No. 2:15-cv-2492-EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff hereby submits the following documents in compliance with the court's Screening Order:

   __1__      completed summons form

   __2__      completed forms USM-285

   __3__      copies of the endorsed December 6, 2017 amended complaint

                                        _____

                                                  Plaintiff

Dated: